ANN CLARK VANCE v. JOHN R. VANCE.

197 So. 128

Opinion Filed June 21, 1940

Rehearing Denied July 12, 1940

514

*Valz & Wise,* for Appellant;

*Rush & Pierce* and *L. Page Haddock,* for Appellee.

TERRELL, C. J.—Appellant and appellee were married in June, 1924. In October, 1937, they entered into a property settlement agreement and in April, 1938, they were divorced by decree of the Circuit Court of Duval County, the material part of the property settlement agreement having been made a part of the divorce decree which was secured by appellant.

Under the property settlement, appellee agreed to, (1) pay appellant one hundred dollars per month for six years, (2) keep current a certain policy of life insurance in the sum of $5,000 for the benefit of appellant (3) appellant

agreed to make no pledge of the credit of appellee for any goods, wares, or merchandise; (4) certain rugs which had been acquired by the joint effort of both were to be taken and held by appellee as his property and all other personal property owned or acquired by the parties was to be the property of appellant; (5) appellant agreed that in the event she was granted a divorce, she would make no claim for dower or any other interest in appellee's estate acquired by reason of her marital status. All provisions of the property settlement were made binding on the parties, their heirs, executors, and administrators, assignees, and personal representatives.

In January, 1940, John R. Vance petitioned the chancellor to modify the final decree of divorce to relieve him from payment of the hundred dollars per month which he agreed to pay Ann Clark Vance and to require her to return to him the policy of life insurance which he had turned over to her and agreed to keep current for her benefit. Answer was filed to this petition and on the issues so made, John R. Vance moved for decree in his favor which was granted. This appeal is from that decree.

The question presented is whether or not the property settlement agreement is such an agreement as may be modified in the manner authorized by Chapter 16780, Acts of 1935, and whether or not the facts in this case warranted the modification made by the decree appealed from.

Chapter 16780, Acts of 1935, declares the policy of this State with reference to modifying property settlement agreements or decrees affecting such settlements. It authorizes courts of equity to raise or lower any amounts previously decreed by the court or awarded by agreement for separate support, maintenance or alimony, as the changed circumstances and the financial ability of the parties may reveal.

Agreements like that brought in question are covered by the Act and may be modified in the manner provided.

The sole ground relied on to modify the settlement in this case is that appellant has remarried and that the monthly payments made to her amount to nothing more than alimony which she is 'not now entitled to. Carlton v. Carlton, 78 Fla. 252, 83 So. 87, and 87 Fla. 460, 100 So. 745, and cases of like import are relied on to support appellee's theory of the case and such cases appear to have been the reliance of the chancellor.

Under a proper state of facts, the Carlton cases would warrant the chancellor's conclusion but not so by the facts in this case. In the Carlton cases, there was no property settlement involved. There was a decree of divorce and Mrs. Carlton was awarded alimony on the theory that she had contributed to the estate of the husband during their married life but this part of the decree was cut off when she remarried.

In the case at bar, irreconcilable differences arose between the parties causing them to separate and live apart. They entered into a voluntary property settlement which was satisfactory to both and is not now charged to be unfair or to have been accomplished by fraud or overreaching. Construed as a whole, this agreement shows without question that the parties intended it to be a final settlement of all differences between them as to their property of every kind or as to any claim either might have against the other. · · To support this interpretation, it may be pointed out that the agreement bound both parties including their heirs, representatives, and assigns to carry it out. In securing her divorce, Ann Clark Vance did not call on John R. Vance for suit money, alimony, or attorney's fees which she had a right to do. The payments of one hundred dollars per month are limited to a period of six years and relieves ap-

pellee of all other claims for support or maintenance. It is not shown and we have no way of telling the comparative value of the personal property allocated to each party but it is shown that it was acquired by the joint effort of both. There was no prayer to modify as to this part of the agreement though it was a very material part of it.

Property settlements like that brought in question are no different in their legal aspects from other agreements when shown to be fair and regular. They may be modified in the manner and for the reasons shown as authorized by Chapter 16780 but there was a failure to meet the requirements of that Act in this case.

When there is no property settlement or other impediment in the way, the remarriage of a divorced wife will generally relieve the former husband from the payment of alimony but where a property settlement was in good faith entered into by the parties and it is shown that it was intended as a release of all claims of each against the other, including that for alimony and one or both the parties have acted in reliance on the provisions of the property settlement, it should not be disturbed merely because one of the parties remarried.

When a property settlement provides for an agreed sum or sums to be paid the wife in lieu of her right to participate in her husband's property, it will take a very strong case even in view of Chapter 16780 to modify it. The following cases though not directly in point, support this view: Erwin v. Erwin, 179 Ark. 192, 14 S. W. (2nd) 1100; Ettlinger v. Ettlinger, 3 Calif. (2nd) 172, 114 Pac. (2nd.) 540; Spear v. Spear, 158 Md. 673, 149 Atl. 468; Landau v. Landau (Mo. App.), 71 S. W. (2nd) 49.

Having reached this conclusion, it follows that the judgment appealed from must be and is hereby reversed.

Reversed.

BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.