90 So.2d 313 (1956)
Chester A. FORT, Jr., Petitioner,
v.
Anne Burton FORT, Respondent.
Supreme Court of Florida. Division B.
October 31, 1956.
*314 Smith & Axtell, Jacksonville, for petitioner.
Willard Ayres (of Greene, Ayres & Greene), Ocala, for respondent.
ROBERTS, Justice.
We here review an order of the lower court denying a petition for a reduction in alimony payments awarded to the wife in a divorce decree entered in her favor in 1947. The alimony award was based upon and in conformity with a separation agreement executed by the parties prior to their divorce.
In support of his petition, the husband adduced evidence that his income was approximately one-twelfth of what it was at the time of the agreement and divorce decree, and that the financial situation of the wife was substantially better than at that time. It appeared that the diminution of the husband's income came about when he gave up his medical employment in Atlanta, Georgia, and moved to Jacksonville, Florida, to establish a medical practice there. So far as the record shows, the husband's action in this respect was made in good faith and not from a desire to escape payment of the full amount of alimony agreed upon by the parties and awarded by the divorce decree. It was also shown that the husband had capital assets in the form of real estate which could be  and would have to be  sold to keep up the alimony payments as originally agreed upon and awarded to the wife.
After the introduction of evidence by the husband in support of his petition for reduction, the wife orally moved that the petition be dismissed on the ground that the change in the husband's financial situation was voluntarily produced and not the result of circumstances beyond his control. The motion was granted and the petition dismissed. We here review as on certiorari, under Fla.S.Ct. Rule 28, 31 F.S.A., the order of dismissal.
The Chancellor has a large discretion in passing upon applications for modification of awards of alimony, Blanton v. Blanton, 154 Fla. 750, 18 So.2d 902, but it does not appear that, in the instant case, the Chancellor appraised the uncontroverted facts and entered "such order and judgment as justice and equity shall require, with due regard to the changed circumstances and the financial ability of the husband, * * *." Section 65.15, Fla. Stat. 1955, F.S.A.
*315 As we read the record here, the Chancellor simply ruled, as a matter of law, that the husband was in no position to claim the benefits of Section 65.15, supra, because his changed financial ability was due to his own voluntary action in changing his employment and he had capital assets which could be converted into cash to meet the monthly payments. So the real issue here is whether a husband is barred, as a matter of law, from applying for a reduction in an alimony award based upon a separation agreement, where the change is brought about by voluntary action on his part and he has capital assets to meet  at least, for a time  the obligation. We have concluded that he is not so barred.
At the outset, it might be noted that it is settled law in this state that a separation agreement, incorporated in a divorce decree, is subject to modification under Sec. 65.15, supra, in the proper circumstances. Vance v. Vance, 1940, 143 Fla. 513, 197 So. 128; Underwood v. Underwood, Fla. 1953, 64 So.2d 281. And in the situation shown by this record, as in all others involving this question, the rights of the parties under the separation agreement and decree should depend "`upon the underlying purpose of the agreement and the facts of each particular case.'" Haynes v. Haynes, Fla. 1954, 71 So.2d 491, 493.
Thus, where the parties have simply agreed on the amount of monthly payments to be made by the husband for the support of the wife, in satisfaction of the husband's common law obligation of support, it would not appear unreasonable to require the wife to accept a lesser sum, temporarily, during such time as her former husband is establishing himself in a new type of employment, entered into in good faith, without requiring him to dissipate his capital assets to meet the monthly support obligation to his former wife. Certainly, if the marital status had continued, the husband could reasonably expect the wife to adjust her financial needs to the husband's reduced income, without delving into savings or converting capital assets into cash to maintain their former standard of living. And it would appear equally reasonable to require a divorced wife to do the same. On the other hand, if the separation agreement is, in fact, a settlement of property rights, legal or equitable, between the parties, then a different situation would prevail. If the wife has relinquished special equities in her husband's business or the legal title to property jointly held as tenants by the entirety or otherwise relinquished a valuable property right, in consideration for which the husband has promised to pay the wife a stipulated sum per month, then it would seem that the husband could reasonably be required to meet the contractual obligation, even though it must be met from his capital assets rather than from his income.
We are unable to tell from examining the separation agreement in question whether the parties actually settled legitimate property rights of the wife. The language used by the parties in their agreement is not conclusive of the question of whether the monthly payments are, in fact, "pure" alimony, meaning "nourishment" or "sustenance", Jacobs v. Jacobs, Fla. 1951, 50 So.2d 169, or the consideration agreed to be paid by the husband for the relinquishment by the wife of valuable property rights. See Underwood v. Underwood, Fla. 1953, 64 So.2d 281. The wife did release any claim for dower, but it is doubtful that this could be considered a relinquishment of a property right, where made in a separation agreement entered into in contemplation of divorce. Cf. Bowler v. Bowler, 1947, 159 Fla. 447, 31 So.2d 751.
In any event, the matter is primarily one to be decided by the Chancellor, in the exercise of a sound judicial discretion; and since it does not appear that he has as yet evaluated the evidence "with due regard to the changed circumstances and the financial ability of the husband," Sec. 65.15, *316 supra, he should do so, after giving the wife an opportunity to rebut the evidence of the husband as she sees fit.
Accordingly, the order reviewed is quashed and the cause remanded for further proceedings not inconsistent herewith.
It is so ordered.
DREW, C.J., and THOMAS and O'CONNELL, JJ., concur.