164 So.2d 231 (1964)
William K. HOWELL, Appellant,
v.
Thelma K. HOWELL, Appellee.
No. 4116.
District Court of Appeal of Florida. Second District.
April 15, 1964.
Rehearing Denied June 3, 1964.
*232 John A. Sutton, of Sutton & Brown, Orlando, for appellant.
C. Arthur Yergey, of Yergey & Yergey, Orlando, for appellee.
PER CURIAM.
William K. Howell appeals an order which dismissed his petition for reduction of payments of $100.00 per week "alimony" required under the divorce decree to be paid by him to his former wife Thelma K. Howell. The chancellor dismissed the petition on the ground that it affirmatively appeared that the amount of the periodic payments in question was stipulated by the parties in a valid and binding property settlement agreement and that the obligation to make said payments, being in consideration of the transfer or relinquishment of certain property rights of the wife, was not subject to modification under Fla. Stat. § 65.15, F.S.A. Pertinent excerpts from the record are as follows:
FROM THE COMPLAINT:
"9. Since their said separation, the parties have settled and adjusted their property rights, alimony, suit money, costs and attorneys fees, as by their agreement, a duplicate original copy of which is hereto attached and made a part of this complaint, will more fully appear."
FROM THE ANSWER:
"9. Defendants admits the allegations contained in Paragraph 9 of Plaintiff's Complaint."
FROM THE WAIVER:
"Comes now The Defendant, WILLIAM K. HOWELL, by his undersigned attorney, and waives all notices of proceedings in this cause to which he may be entitled under the laws of the State of Florida and the rules of this Court, and specifically waives the thirty day waiting period after this cause is at issue for testimony to be taken, and agrees that this cause may proceed ex parte to an immediate Final Decree."
FROM THE WAIVER OF STATUTORY AND PROCEDURAL NOTICES:
"The Defendant, WILLIAM K. HOWELL, by his attorneys, SUTTON, BROWN & TURNBULL, do hereby waive notice of hearing on Plaintiff's motion for waiver of thirty day delay period under F.S. 65.20, notice of hearing or trial of this cause; agree and consent to the date fixed for taking testimony on the merits on September 25, 1959, waive notice of filing of the report of the testimony so taken and the filing of exceptions thereto, waive notice of hearing on Plaintiff's application for final decree as well as all other notices required by the Statutes of Florida and the rules of Civil Procedure in such cases made and provided."
FROM PROPERTY SETTLEMENT AGREEMENT:
"* * * The husband agrees that there shall be no abatement in the weekly payments hereinabove provided for any reason whatsoever except the remarriage of the wife, and that no earnings of income of the wife shall be deemed a change in her circumstances justifying or warranting any modification of the amount hereinabove stipulated to be paid weekly by the husband to the wife.
* * * * * *
"8. The settlement agreement herein contained shall be in full and complete payment and satisfaction of all *233 alimony, maintenance, support, court costs and counsel fees to the wife, and both parties agree that in the event a suit for absolute divorce is hereafter instituted, neither party will ask for, nor be entitled to any other settlement than as set forth herein. In the event of a final decree of divorce, the terms, covenants, conditions and provisions of this agreement shall be incorporated therein in haec verba or by reference."
On the petition for modification the chancellor correctly rejected the contention that the agreement was not before the court. It is evident that although the chancellor did not expressly incorporate the agreement into the final decree, he did in fact accept and adopt the terms of the agreement as made by the parties. Neither the chancellor nor this court may remake a legal agreement executed in good faith for valid consideration. From the clear, concise and unambiguous terms of the contract it is evident that the parties reached a genuine property transfer agreement of "all" the property listed therein which included jointly owned property as well as business property in which the wife had an interest.
The division was made, not as the law would have done but as they, the parties, expressly agreed for a specified consideration. Personalty, realty, stock and bank accounts were distributed and the wife relinquished her interest in the business, business accounts, business bank accounts, franchise, good will, etc. of Howell's Office Machines. In full and complete settlement and discharge of all further obligations to the wife for alimony, support, maintenance, dower, or claim of the wife against the husband, the husband, inter alia, bargained and agreed to pay the wife $100.00 per week so long as she lived and did not remarry. The agreement expressly binds the heirs, executors, administrators, personal representatives or assigns of the parties. It is clear that the parties effected a complete contractual settlement, transfer, division and sale of their properties for a consideration definitely fixed for an expressed period of time. The chancellor could not reduce the agreed amounts on petition for modification without doing violence to the underlying contract. See Vance v. Vance, 1940, 143 Fla. 513, 197 So. 128; Underwood v. Underwood, Fla. 1953, 64 So.2d 281; cf. Fort v. Fort, Fla. 1956, 90 So.2d 313, 315. In the latter case, Justice Roberts noted:
"* * * If the wife has relinquished special equities in her husband's business or the legal title to property jointly held as tenants by the entirety or otherwise relinquished a valuable property right, in consideration for which the husband has promised to pay the wife a stipulated sum per month, then it would seem that the husband could reasonably be required to meet the contractual obligation, even though it must be met from his capital assets rather than from his income."
In affirming we are fully aware that a separation agreement incorporated into a divorce decree under certain circumstances may be modified under § 65.15 Fla. Stat., F.S.A. In cases involving the instant question, however, the rights of the parties depend on "the underlying purpose of the agreement and the facts of each particular case." Fort v. Fort, supra. On the facts of this case we perceive no error.
Affirmed.
WHITE and KANNER (Ret.), JJ., and REVELS, P.B., Associate Judge, concur.