PER CURIAM.
This is an appeal from a final decree awarding twenty-five hundred dollars as fees for services rendered by the wife’s attorneys in a divorce action.
The appellant was the husband and defendant below. Appellee was the wife and plaintiff below. The parties will be referred to as in the trial court.
The plaintiff filed a suit for divorce against the defendant, and during the pend-ency of the action the parties executed an instrument entitled, “Property Settlement Agreement”, which provided in part:
* * * * * *
WHEREAS, the parties to this agreement have beemed (sic) it advisable to settle their rights and interests in and to properties held by them and to further adjust their differences for the best interst of the minor children of the parties; and * * *
******
*908 NOW, THEREFORE in settlement, adjustment and compromise of all questions and rights and in compromise of all questions concerning the support and maintenance of the wife and the minor children and all other claims, rights and ■ duties arising out of said marital relations, and in consideration of the sum of Ten and No/100 Dollars ($10.00) and other good and valuable considerations, each to the other in hand paid, the receipt whereof is hereby acknowledged, and in further consideration of the mutual promises, undertakings, agreements and releases contained herein, the parties hereto mutually agree as follows:
* * * * * *
The agreement thereafter made disposition of certain assets of the parties; provided for child custody and support; contained a waiver of alimony from the wife in lieu of the payment of twenty-five dollars per week until remarriage; provided that the husband. would pay one hundred dollars towards the wife’s attorneys’ fees, and provided that the agreement should be incorporated in a divorce decree, if acceptable to the court.
Thereafter, each of the parties obtained new counsel and the plaintiff moved to set the agreement aside on various grounds, including, inter alia, the fraudulent and willful concealment by the defendant as to his financial circumstances. There was no contest as to the grounds for divorce.
) The court held a special hearing to determine the validity of the agreement and ruled that it was valid and binding. A judgment was entered awarding twenty-five hundred dollars as fees for the plaintiff’s attorneys. The defendant appealed, contending that he was only obligated for the attorneys’ fees of one hundred dollars as set forth in the agreement
We reverse. The parties had entered into the agreement freely and voluntarily while represented by competent counsel. The plaintiff admitted that she had read the contract and understood it fully, as evidenced by the following question by the court:
;¡; ;ji ‡ ‡
“Q Paragraph seventeen: ‘Each party has read this agreement, and is fully aware of his or her responsibilities, rights and privileges hereto; and is fully aware of the legal and binding effect of said agreement; and does declare this to be a full, final and complete settlement of all the respective property rights of the parties hereto. Each solemnly and specifically agrees and avers that the foregoing instrument has been entered into without undue influence, fraud, coercion, direct misrepresentation or restraint practiced by anyone on the other, and after consultation with their respective undersigned attorneys.’ Were you aware of that particular paragraph?
“A Yes.”
* * * * * *
The plaintiff had received part of the assets of the parties under the agreement, and there has never been any offer to return the defendant to status quo, by a return of the assets received. The trial court specifically found that there was no fraud or concealment in regard to the agreement.
Howell v. Howell, Fla.App. 1964, 164 So.2d 231, involved a petition for reduction of alimony payments by the husband to the wife. The chancellor dismissed the petition on the ground that the payments were stipulated by the parties in a valid and binding property settlement agreement and that the obligation to make said payments being in consideration of the transfer or relinquishment of certain property rights of the wife was not subject to modification under Section 65.15, Florida Statutes, F. S.A. In affirming, the court stated:
******
“ * * * Neither the chancellor nor this court may remake a legal agree *909 ment executed in good faith for valid consideration. From the clear, concise and unambiguous terms of the contract it is evident that the parties reached a genuine property transfer agreement of ‘all’ the property listed therein which included jointly owned property as well as business property in which the wife had an interest.
“The division was made, not as the law would have done but as they, the parties, expressly agreed for a specified consideration. Personalty, realty, stock and bank accounts were distributed and the wife relinquished her interest in the business, business accounts, business hank accounts, franchise, good will, etc. of Howell’s Office Machines. In full and complete settlement and discharge of all further obligations to the wife for alimony, support, maintenance, dower, or claim of the wife against the husband, the husband, inter alia, bargained and agreed to pay the wife $100.00 per week so long as she lived and did not remarry. * * * It is clear that the parties effected a complete contractual settlement, transfer, division and sale of their properties for a consideration definitely fixed for an expressed period of time. The chancellor could not reduce the agreed amounts on petition for modification without doing violence to the underlying contract. See Vance v. Vance, 1940, 143 Fla. 513, 197 So. 128; Underwood v. Underwood, Fla.1953, 64 So.2d 281; cf. Fort v. Fort, Fla. 1956, 90 So.2d 313, 315. * * * ”
******
See also Graves v. Graves, Fla.App.1959, 115 So.2d 451.
A party who knowingly has entered into a lawful contract which may be improvident as to him generally is not entitled to protection from the court, which are not free to change his contract for him or to avoid the results thereof. Florida Sportservice, Inc. v. City of Miami, Fla.App.1960, 121 So.2d 450. Therefore, it is axiomatic that where no ambiguity exists the parties are bound by the clear terms of their contract. Posner v. Flink, Fla.App.1964, 167 So.2d 259.
We therefore conclude, under the authority above stated, that the parties were bound by their contractual agreement and that it was error to require the defendant to pay additional attorney’s fees in excess of those agreed upon. The decision is therefore reversed and remanded for the entry of an order consistent herewith.
Reversed and remanded.