196 So.2d 111 (1967)
Morris S. SALOMON, Petitioner,
v.
Ann Mariowe SALOMON, Respondent.
No. 35161.
Supreme Court of Florida.
February 1, 1967.
Rehearing Denied March 8, 1967.
Horton & Schwartz, Miami, for petitioner.
Miller & Podell, Miami Beach, for respondent.
ERVIN, Justice.
We are asked by petition for writ of certiorari to review a decision of the District Court of Appeal, Third District, in Salomon v. Salomon, 186 So.2d 39.
The Circuit Court of Dade County, Florida on February 9, 1960 entered a final decree dissolving the bonds of matrimony existing between the Petitioner and the Respondent. Said decree, inter alia, confirmed a property settlement agreement between the parties dated January 27, 1960 and an addendum thereto dated January 27, 1960.
By the agreement the Petitioner-husband was to provide $9,200.00 per year for the Respondent-wife, payable as follows:
"A.) The Husband shall pay $100.00 each week unto the Wife, and payment thereof shall be made on Thursday in each week; and
B.) The Husband shall pay $333.33 each month unto the Wife, and payment thereof shall be made on the first day of each month."
The agreement goes on to provide that the obligation of the husband to pay the $9,200.00 *112 per year shall continue only during the lifetime of the husband or until the wife dies or remarries. The agreement further states, and we note with emphasis, that
"[i]f, prior to the death of the Husband or the Wife, or remarriage of the Wife, the Wife sells or ceases to reside on the real property described in paragraph II hereof, as a result of which the Wife is denied homestead exemption on said property by the taxing authorities, then and from and after the date the Wife sells or ceases to reside on the said property and loses the benefit of said homestead exemption, the alimony, support and maintenance which the Husband will be obligated to pay the Wife, will be $5,200 per year, payable in weekly installments of $100.00 each on Thursday in each week, and which shall continue until the death of the Husband or Wife, or remarriage of the Wife. The payments herein above provided for shall be made to the Wife at such place or places as she may, from time to time, reside." (Emphasis added.)
The "paragraph II" referred to above reads as follows: "The Husband acknowledges that title to Lot 12, Block 3, San Marino Island * * * together with the buildings situate thereon, and all of the personal property contained therein, stands in the name of the Wife, and that the Husband has no right, title, claim or interest in and to said real and personal property."
Both husband and wife in a subsequent paragraph in the agreement waived any and all right, title and interest in and to any and all property, both real and personal, held by the other or thereafter acquired.
Subsequent to the above settlement a petition was filed by the husband to reduce the sums of money required to be paid by the terms of the agreement. The Chancellor, after hearing testimony and evidence of the parties, entered a judgment amending the final decree and reduced the monthly amount of $333.33 payable to the Respondent-wife by the sum of $200.00 per month. Thus the Petitioner would pay to the Respondent the same $100.00 per week but would make monthly payments to her of $133.33 rather than the previous amount of $333.33. Respondent appealed and the District Court of Appeal, Third District, reversed said order amending the final decree. It concluded that the agreement attached to the final decree was a "property settlement agreement" and in view of this the Chancellor was without authority to interfere with the contract between the parties.
The Petitioner here seeks review of that portion of the District Court's decision which concluded that the agreement attached to the final decree of divorce was a property settlement agreement, therefore not subject to modification under F.S. § 65.15, F.S.A.
We find from the record that we must agree with the District Court decision insofar as its reversal has the effect of denying reduction of the monthly payment of $333.33 by $200.00 per month. This Court and the District Courts of Appeal have held in no few cases that true property settlement agreements are not subject to modification under F.S. § 65.15, F.S.A. See Howell v. Howell, Fla.App., 164 So.2d 231; Fort v. Fort, Fla., 90 So.2d 313; Underwood v. Underwood, Fla., 64 So.2d 281, and Vance v. Vance, 143 Fla. 513, 197 So. 128. While the matter might have been given a more detailed discussion and analysis in the opinion of the District Court  and greater emphasis put upon the factors determinative of the conclusion  we agree with its finding that the award of $333.33 per month payable by the Petitioner to Respondent does on the record constitute a property settlement which, in the absence of more definite facts to the contrary, is not subject to modification via F.S. § 65.15, F.S.A. The agreement between the parties which provided that Petitioner was to pay $9,200.00 per year to Respondent was divided into two separate subdivisions, viz., subsections A and B in Paragraph I. Subsection *113 A from the present record appears to be alimony and calls for payment of $100.00 per week to Respondent. It is most important to note that the $100.00 weekly payment to the wife was to continue under the agreement until the wife either died or remarried, or until the husband died. Subsection B calls for payments of $333.33 per month to the Respondent wife which shall not be continued in the event Respondent sells or ceases to reside on the real property (the residence) referred to in the agreement.
The payment of the $333.33 per month was indissolubly tied to the condition that the wife should continue to own and reside on the property. The monthly payments contrasted with the separate weekly payments appear to have been agreed upon, not to meet the general needs of the wife for support, but as a part of the property settlement of the residence as the homestead upon the wife for as long as she desired to remain upon it during her lifetime and the lifetime of her former husband, and did not leave it or sell it or remarry. Conceivably, such monthly payments were set up as a special fund for the upkeep of the residence, including taxes and to defray other expenses or indebtednesses against the residence. Inasmuch as such payments were subject to the contingency of termination at a time other than upon the wife's remarriage or the husband's death, they were not necessarily in the category of alimony payments. Instead, they appear to have been contracted to insure the maintenance of a specific homestead property for a period of time within the wife's discretion.
Also noteworthy is the fact that there was a provision in the agreement whereby Petitioner and Respondent waived any and all right in and to any property held by the other, or thereafter acquired. So, the Respondent-wife waived any right to claims in her Petitioner-husband's property. When this situation is examined in the light of the fact that she was to receive, in addition to the $100.00 weekly payments, the homestead residence and $333.33 per month from Petitioner it might be said to bring the instant case within the purview of the principle enunciated by this Court in Fort v. Fort, supra, where we said:
"If the wife has relinquished special equities in her husband's business or the legal title to property jointly held as tenants by the entirety or otherwise relinquished a valuable property right, in consideration for which the husband has promised to pay the wife a stipulated sum per month, then it would seem that the husband could reasonably be required to meet the contractual obligation, even though it must be met from his capital assets rather than from his income." (90 So.2d at 315; emphasis added)
Our cases thus indicate that in a property settlement agreement between a husband and wife in contemplation of divorce, including mutual relinquishment of rights in property divided between the two, monetary payments such as were provided for in the instant agreement can be agreed upon by the husband as a part of the settlement which should not be treated as alimony. We mention that our agreement with the District Court is not on the basis of the mere words or terms used in the instant settlement. We are well aware that questions arising from such settlements are not to be decided solely upon what the agreement is called but, rather, what it is. As we said in Underwood v. Underwood, supra, "[i]t is the substance, and not the form, which is controlling."
Neither in the language of the District Court decision nor in the record do we find facts sufficient to justify our disturbing the decision of the District Court of Appeal insofar as the monthly payments are concerned. If the $100.00 weekly payments were properly in question on certiorari review our finding might be different.
No conflict of decision with other appellate decision appears insofar as the District Court held the $333.33 monthly payments were a part of a property settlement *114 and did not constitute alimony subject to reduction.
The writ is discharged.
THORNAL, C.J., THOMAS and DREW, JJ., and McMULLEN, Circuit Judge, concur.