SWANN, Judge
(dissenting).
The “Separate Property Agreement” between the parties hereto provided, in part, “ * * * in consideration of the mutual covenants hereinafter contained, the parties hereto covenant and agree as follows”; that the husband be required to transfer certain real and personal property to the wife, together with the payment of certain sums of cash money. It appears that the husband has made these conveyances in accordance with the agreement.
The agreement then provided that the wife should make certain conveyances to the husband of their real and personal property, and it appears that the wife has complied with this provision.
It further provided that the wife accepted the various provisions of the agreement “in lieu of and in full settlement and satisfaction of any and all claims whatsoever against the Husband for support, maintenance, alimony and attorney’s fees and in full settlement and satisfaction of any and all other claims and rights in property owned by Husband, * * * ”.
The final decree provided that there was no consideration whatsoever for the above quoted release clause in the separate property agreement, and that to interpret the agreement as urged by the defendant would be unconscionable. I do not believe that there is sufficient, competent evidence in the record to support such a finding by the chancellor.
It was admitted by all parties that no fraud, duress or coercion was proven in this cause.
The only question involved, therefore, in my opinion, is a matter of construction of the agreement. It is an elementary principle of contracts that mutually enforceable promises (as hereinabove set forth) may constitute a valid consideration for each other. Jenkins v. City Ice and Fuel Co., 118 Fla. 795, 160 So. 215 (1935).
Consideration sufficient to support one promise is sufficient to support any number of additional promises. Jenkins v. City Ice and Fuel Co., supra; 7 Fla.Jur. Contracts, § 56. Courts do not ordinarily inquire .into the adequacy of the consideration and consideration is not as a general rule insufficient merely because it is inadequate once it has been determined that the consideration is of such character as the law recognizes. Robinson v. Hyer, 35 Fla. 544, 17 So. 745 (1895). It is abundantly clear that the parties hereto mutually agreed and promised to perform certain acts and conveyances and that they have both complied therewith.
I believe that there was adequate and sufficient consideration for the mutual covenants contained in this agreement to uphold it as a valid contract.
A valid agreement, free from fraud, duress or coercion, under which the wife has received valuable consideration, which she has never offered to return to the husband, should be upheld and should, under its terms, end the obligation of the husband, except as defined therein. See Miller v. Miller, 149 Fla. 722, 7 So.2d 9 (1942); Pemelman v. Pemelman, Fla.App.1966, 186 So. 2d 552; D’Amato v. D’Amato, Fla.App.1965, 176 So.2d 907; Howell v. Howell, Fla.App.1964, 164 So.2d 231; Sedell v. Sedell, Fla.App.1958, 100 So.2d 639.
There was no showing here that the agreement was vague or ambiguous and subject to interpretation. The parties hereto were adults who had, in good faith, freely and voluntarily entered into a valid contract disposing of their property rights, the benefits and detriments of which had been accepted by both parties; there was no showing of fraud, duress, overreaching, undue influence or coercion, and under these circumstances, I believe that the separate property agreement should have been upheld.
*357 The case of Dawkins v. Dawkins, Fla.App.1965, 172 So.2d 633, relied upon by the majority, involved a finding by the court, in rejecting a separation and property settlement agreement, that it was “unfair and overreaching.” The facts of the case were not discussed and it might have been that there was sufficient competent evidence before the chancellor and in the record on appeal to sustain a finding by the chancellor that the agreement was in truth and in fact “unfair and. overreaching.” In my opinion, such is not the case before us.
I therefore respectfully dissent from the majority.