312 So.2d 511 (1975)
Martha GILBERT, Appellant,
v.
Robert G. GILBERT, Appellee.
No. 75-44.
District Court of Appeal of Florida, Third District.
April 29, 1975.
Rehearing Denied June 2, 1975.
Richard P. Kenney, Miami, for appellant.
Salley, Barns, Pajon & Primm, Miami, for appellee.
Before BARKDULL, C.J., HENDRY, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an appeal by the defendant below from a post judgment order modifying a settlement agreement entered into by the parties, which the court noted and found to be reasonable in the divorce judgment.
The parties were divorced in Dade County in 1966. Prior to the divorce action they entered into an agreement. Thereby the wife was given custody of the three minor children, and the husband agreed to pay child support of $675 per month ($225 per month for each child until attaining 21 years of age), and to furnish needed medication for the children. The husband agreed to deed the marital home to the wife and transfer to her the title to an automobile. The husband agreed to continue in effect two insurance policies on his life. One, for $50,000, was for the benefit of the children. The other, for $60,000, was for the benefit of the wife. She was made the owner of both policies. No alimony was provided for. The husband agreed that the obligations undertaken by him would continue beyond his death and be chargeable to his estate.
The agreement contained a release by each of the parties from all claims to the property of the other (not otherwise provided for in the agreement), and contained the following provision:
"The Wife accepts the provision herein made for her in lieu of any and all claims arising against the husband for her support and maintenance and with the acknowledgement that such provisions will be satisfactory and reasonable".
*512 In 1966, a short time after the divorce, the wife remarried. In June of 1974 the wife and her second husband, with the consent of her ex-husband, obtained a judgment by which her second husband adopted the children.
Shortly thereafter the ex-husband filed a petition in the divorce action to modify the judgment by relieving him of his said obligation to continue to maintain the $60,000 life insurance policy for the benefit of the wife. On hearing thereon the court granted the order now on appeal, relieving the husband from paying further premiums on said life insurance policy.
The determinative question here is whether the agreement entered into by the parties was a property settlement, and therefor not subject to modification under § 61.14 Fla. Stat., F.S.A., as contended for by the appellant, or was not of that character and was subject to modification, as contended for by the appellee. On considering the provisions of the agreement we are impelled to hold that it was a property settlement agreement, and as such was not subject to modification under the statute, with reference to the obligation therein of the husband to maintain the insurance policy in question.
It is the nature of the agreement which determines it to be a property settlement not subject to modification. This agreement had the features which made it a property settlement, where the wife received valuable property thereunder, the husband covenanted to maintain an insurance policy on his life in her favor, making her the owner thereof, the parties released claims to property of the other, and the wife acknowledged that the benefits received by her under the agreement were accepted in lieu of all claims for support. See Vance v. Vance, 143 Fla. 513, 197 So. 128; Underwood v. Underwood, Fla. 1953, 64 So.2d 281; Fort v. Fort, Fla. 1956, 90 So.2d 313; Howell v. Howell, Fla.App. 1964, 164 So.2d 231; Salomon v. Salomon, Fla.App. 1966, 186 So.2d 39; Salomon v. Salomon, Fla. 1967, 196 So.2d 111; McKenna v. McKenna, Fla.App. 1969, 220 So.2d 433.
For the reasons stated, the order appealed from is reversed.