338 So.2d 883 (1976)
Edward W. WHITE, Appellant,
v.
M. Carole WHITE, Appellee.
No. 76-55.
District Court of Appeal of Florida, Third District.
October 26, 1976.
Rehearing Denied November 12, 1976.
Aschenbrenner & Cogen, Miami, for appellant.
Mershon, Sawyer, Johnston, Dunwody & Cole and H. Michael Madsen, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
Edward White seeks reversal of an order denying his petition to modify the alimony provision of a property settlement agreement.
In November 1971, Carole White filed a petition for dissolution of marriage to Edward and alleged a special equity in certain jointly held properties. Subsequently, in May 1972 the parties entered into a property settlement agreement which provided that Edward pay as lump sum alimony $181,500, payable in $1,500 monthly installments commencing on June 1, 1972. The parties further agreed that the alimony award could not be modified regardless of any change in circumstances of either of the parties. The agreement also contained provisions dividing the parties' real and personal *884 property and in exchange therefor Carole released any and all claims against Edward. A dissolution of marriage judgment incorporating this agreement was entered on May 25, 1972. Edward paid the monthly installments through June 1973 and then, having suffered business reverses, in December 1973 filed a petition to modify property settlement which was amended in April 1975. The parties agreed to first place before the court the issue of whether these payments were subject to modification. After a hearing, the chancellor ruled that the alimony award was not modifiable and denied the petition as amended.
Edward basically contends that the chancellor committed error in holding that the agreement was not subject to modification pursuant to Section 61.14 Florida Statutes (1975). We cannot agree.
Despite the fact that the agreement uses the term alimony, it is not conclusive. Rather it is the substance and not the form which controls. Underwood v. Underwood, 64 So.2d 281 (Fla. 1953). The terms of the agreement clearly reflect its character as a property settlement agreement between the parties whereby Carole, in exchange for a substantial sum of money and property, relinquished all claims against Edward. The agreement with respect to the lump sum alimony expressly bound Edward's estate in the event of his death and the obligation to pay the monthly installments does not terminate even if Carole should remarry. It is evident that the parties effected a complete contractual settlement, transfer, division and sale of their properties for a consideration definitely fixed for an expressed period of time. See Howell v. Howell, 164 So.2d 231 (Fla.2d DCA 1964).
The rights which became fixed and vested under the provisions of this agreement should not be disturbed by the courts except upon proof which would justify modification or cancellation of a contract between strangers. See Sedell v. Sedell, 100 So.2d 639 (Fla.1st DCA 1958).
Thus, we find the chancellor was eminently correct in holding the agreement was not subject to modification. See Gilbert v. Gilbert, 312 So.2d 511 (Fla.3d DCA 1975).
Affirmed.