EDWARDS, Judge.
Plaintiff, Helen C. Quinn, and defendant, Robert H. M. Quinn, were divorced on No *1169 vember 19,1968, by judgment of the Circuit Court of the Sixth Judicial Circuit of the State of Florida in and for Pinellas County. As part of that judgment, it was ordered that the property settlement agreement, which the parties had entered into, was approved by the court and made a part of the final judgment of divorce.
The property settlement agreement dealt with all aspects of the Quinns’ property division and provided in pertinent part:
“5. The Husband, during his lifetime, agrees to pay the Wife the sum of Four Hundred Dollars ($400.00), per month, as alimony, until the remarriage or death of the Wife, whichever event occurs first.”
Plaintiff filed a petition in the Family Court of East Baton Rouge Parish, seeking to have recognized the Florida judgment, and alleging that, under Provision 5 of the Property Settlement Agreement, defendant owed plaintiff the sum of $56,200 through January 1, 1980.
Plaintiff prayed that the Florida court judgment be recognized and that there be judgment rendered against defendant in the full sum of $56,200 together with legal interest from date of judicial demand, reasonable attorney fees and all costs.
Defendant filed exceptions of no cause of action, res judicata, prescription, and lack of subject matter jurisdiction. Following hearings, the exceptions of no cause of action, res judicata, and lack of subject matter jurisdiction were overruled. Defendant’s exception of prescription was sustained. Judgment was rendered in favor of plaintiff in the amount of $14,400 together with legal interest from date of judicial demand and all costs.
Defendant appeals the judgment in favor of plaintiff. Plaintiff has answered the appeal, objecting to the trial court’s application of LSA-C.C. Art. 3538, limiting plaintiff’s recovery to three years. We reverse.
LSA-R.S. 13:1401 provides for the jurisdiction of the Family Court for the Parish of East Baton Rouge. The statute reads in pertinent part:
“(7) All actions for divorce, separation from bed and board, annulment of marriages, establishment or disavowal of the paternity of children, alimony and support, custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees to the wife in judgments of divorce and separation, the cumulation of and rendering executory of alimony, the issuance of writs of fieri facias and garnishment under judgments of the court for alimony and attorney fees, jurisdiction of which was vested in the Nineteenth Judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge. The Nineteenth Judicial District Court for the parish of East Baton Rouge however, shall retain jurisdiction of all proceedings involving liquidation and partition of the community after a judgment of divorce or separation from bed and board.”
A careful reading of the original property settlement agreement, together with the final judgment of divorce as granted by the Florida court, makes it clear that plaintiff is suing to enforce a contract and not to make past due alimony executory.
The property settlement agreement dealt with all aspects of the parties’ estate. Paragraph 13 of the agreement stated that
“All matters affecting the interpretation of this agreement and the rights of the parties hereunder shall be governed by the laws of the State of Florida.”
Paragraph 14 of the agreement stated that the contract was
“binding upon all parties hereto, their respective heirs, executors, administrators and assigns.”
Underwood v. Underwood, 64 So.2d 281 (Fla.1953), dealt with a “separation agreement” much like the “property settlement agreement” in the instant case. In concluding that, despite use of the word “alimony” in the separation agreement, the agreement *1170 amounted to a property settlement contract, the Florida Supreme Court stated:
“The Court has repeatedly held, along with practically every other Court in the land, that property settlements between husband and wife made in good faith are valid and legal and should not be disturbed by the Courts. Vance v. Vance, 143 Fla. 513, 197 So. 128. That these agreements should be construed and interpreted as other contracts is no longer open to question. Bergman v. Bergman, 145 Fla. 10, 199 So. 920.

The primary and controlling question is whether the agreement constituted a property settlement, or whether the financial arrangements constituted alimony.
At the very outset we dispose of the legal effect of the use of the word “alimony” in the agreement and decree. It is not what it is called but what it is that fixes its legal status. It is the substance and not the form which is controlling. In the case of International Trust Co. v. Liebhardt, 111 Colo. 208, 139 P.2d 264, 147 A.L.R. 700, the court held that the use of the word alimony was not conclusive and that it was substance and not form which guided the court. So far as agreements of the kind under consideration is (sic) concerned, where periodic payments are to be made (to) the wife for the period of her life and is (sic) not limited to the joint lives of the parties, the legal effect of such payments are that they constitute property settlements and not alimony. By its very nature, alimony is limited to the lifetime of the husband. See Spear v. Spear, 158 Md. 672, 149 A. 468, from which we quote with approval in Vance v. Vance, supra; Emerson v. Emerson, 120 Md. 584, 87 A. 1033; Newbold v. Newbold, 133 Md. 170, 104 A. 366; Dickey v. Dickey, 154 Md. 675, 141 A. 387, 58 A.L.R. 634; North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061.” (Emphasis supplied by the Court.)
The logic of Underwood was followed in Howell v. Howell, 164 So.2d 231 (Fla.App., 2d Dist. 1964), and Howell v. Howell, 207 So.2d 507 (Fla.App., 2d Dist. 1968). In Howell v. Howell, 1968, the court stated:
“It is clear that the parties effected a complete contractual settlement, transfer, division and sale of their properties for a consideration definitely fixed for an expressed period of time. The chancellor could not reduce the agreed amounts on petition for modification without doing violence to the underlying contract (citing Underwood, Fort [v. Fort, 90 So.2d 313 (Fla.1956)] and Vance v. Vance, 1940, 143 Fla. 513, 197 So. 128.
We affirmed the previous order of Judge Hall that ‘the amount of the periodic payments in question was stipulated by the parties in a valid and binding property settlement agreement and * * * was not subject to modification under Fla.Stat. Sec. 65.15’ (text at 164 So.2d 232).” (Emphasis added.)
In the instant case, the parties contractually agreed to be ruled by Florida law. They further agreed to fixed payments, termed “alimony.” Such payments, under Florida law, particularly where the payments terminate not at the husband’s, but at the wife’s death, are construed as contractual matters and not alimony, which, by its nature, is modifiable.
Florida law and the last sentence of LSA-R.S. 13:1401 make it evident that plaintiff’s suit should have been filed in the Nineteenth Judicial District Court. For this reason, the judgment appealed from is annulled and reversed, and this case is remanded to the Family Court of East Baton Rouge Parish with instructions that it is to be transferred to the Nineteenth Judicial District Court. See LSA-C.C.P. art. 932. Costs of this appeal are to be paid by plaintiff-appellee. All other costs are to await final disposition.
REVERSED AND REMANDED.