683 So.2d 172 (1996)
Veronica L. ALEXANDER, n/k/a Veronica Bell Williams, Appellant,
v.
Verdell H. ALEXANDER, Appellee.
No. 96-1810.
District Court of Appeal of Florida, First District.
November 12, 1996.
Sarah H. Bohr and Leslie C. Scott of Jacksonville Area Legal Aid, Inc., Jacksonville, for Appellant.
No appearance for Appellee.
VAN NORTWICK, Judge.
This court's opinion issued October 11, 1996 is withdrawn and the following opinion is substituted therefor.
Veronica Bell Williams, the former wife of appellee, Verdell H. Alexander, appeals three orders of the trial court which required Williams to pay child support and terminated Alexander's child support obligation as of a date prior to the date of the filing of his motion to terminate child support. Williams contends, first, that the trial court erroneously terminated Alexander's child support obligation retroactive to December 12, 1995, arguing that child support may only be modified prospectively from February 23, 1996, the date Alexander's motion was filed. Second, she contends the trial court erroneously entered orders imposing on her a child support obligation and income deduction when the pleadings did not request such relief and she did not have notice that this issue would be tried or a fair opportunity to respond. We agree and reverse.
When the parties divorced in 1993, Williams was given primary residential custody of their minor children, and Alexander was ordered to pay child support of $400 per month. On December 12, 1995, Alexander was given temporary custody of the children. On February 23, 1996, he filed a motion to terminate child support, alleging the minor children were now living with him.
A hearing on Alexander's motion was held before a child support hearing officer, who recommended that Alexander's support obligation be terminated. Sua sponte, the hearing *173 officer also undertook to determine Williams' ability to pay child support and found that she should pay $60 per week in child support and court costs. The hearing officer, however, did not issue a report setting forth his recommendation that Ms. Williams should pay child support and court costs.[1] Nonetheless, the circuit court entered an order requiring Williams to make child support payments to her former husband and awarding costs. At the same time, the court entered a corresponding income deduction order as to Williams and an order terminating Alexander's child support obligations retroactive to December 12, 1995.
As this court recently stated in Williams v. Williams, ___ So.2d ___, ___ [1996 WL 511518], 21 Fla. L. Weekly D2048, D2049 (Fla. 1st DCA September 11, 1996), "[i]t is improper to enter an order which exceeds the scope of relief sought by the pleadings, absent notice which affords the opposing party an opportunity to be heard with respect to the proposed relief." Alexander's motion for termination of child support did not seek child support, and Williams had no notice that this issue would be addressed at the hearing. Further, her attorney was not present at the hearing, and the transcript of the hearing reveals Williams' surprise that this issue was being addressed when no request had been made that she pay child support. Because Williams did not have notice that the trial court would consider awarding child support to Alexander, the trial court erred in requiring Williams to pay child support and in entering the income deduction order. See also, Sohacki v. Sohacki, 657 So.2d 41 (Fla. 1st DCA 1995); Florida Dep't of Health and Rehabilitative Services v. Burns, 654 So.2d 1014, 1015 (Fla. 1st DCA 1995).
Further, we conclude that the trial court erred in terminating Alexander's child support obligation retroactive to a date prior to the date of filing of his motion to terminate child support. We start from the principle that the right to past-due child support payments is a vested property right which inures to the benefit of the child. Florida Dep't of Health and Rehabilitative Services v. Burns, 654 So.2d at 1016; State ex rel. Pittman v. Stanjeski, 562 So.2d 673, 678 (Fla.1990). Thus, here, Alexander was required to continue paying child support until he filed a motion for modification and the motion was favorably ruled upon. Bingemann v. Bingemann, 551 So.2d 1228, 1233 (Fla. 1st DCA 1989), rev. denied, 560 So.2d 232 (Fla.1990); see also, State Dep't of Revenue, Child Support Enforcement v. Segrera, 661 So.2d 922, 923 (Fla. 3d DCA 1995). In addition, we recognize that a trial court may decline to enforce a past-due obligation if a party obligated to pay child support establishes the existence of extraordinary or compelling circumstances such as waiver, laches, estoppel, or reprehensible conduct on the part of the custodial parent. State ex rel. Pittman, 562 So.2d at 678-679. Nevertheless, absent proof of such extraordinary circumstances, child support may not be modified retrospectively and the trial court should grant the reduction only prospectively. Segrera, 661 So.2d at 923; Bingemann, 551 So.2d at 1234.
REVERSED and REMANDED for proceedings consistent with this opinion.
BOOTH and WOLF, JJ., concur.
NOTES
[1] Family Law Rule of Procedure 12.491(e)(4) requires the support enforcement hearing officer to make a recommended order to the court evaluating the evidence and setting forth findings of fact. From the record of the instant case, it appears that, with regard to Ms. Williams' obligation to pay child support or the court costs, the hearing officer did not set forth the requisite findings of fact.