698 So.2d 1291 (1997)
Michael LALIBERTE, Appellant,
v.
Deborah LALIBERTE, Appellee.
No. 96-960.
District Court of Appeal of Florida, Fifth District.
August 22, 1997.
Rehearing Denied September 17, 1997.
*1292 Sharon Lee Stedman of Sharon Lee Stedman, P.A., Orlando, for Appellant.
Barry Apfelbaum, Orlando, for Appellee.
THOMPSON, Judge.
Michael Laliberte appeals orders which denied his petition to modify a final judgment of dissolution, found him in willful contempt of court for failing to make ordered child support and alimony payments, and ordered him to pay $39,300 in arrearages. We reverse because the trial judge's findings of fact demonstrate that the former husband's reduction in income was involuntary.
Michael and Deborah Laliberte were divorced on 17 February 1992. The parties entered a child custody, separation and property settlement agreement which was approved by the court and incorporated into the final judgment. The settlement agreement required the former husband to pay the former wife $3,000 monthly alimony, increasing to $4,500 on 10 September 1995, increasing again to $6,000, then decreasing to $4,700 on 31 December 2005. The alimony payments were to continue until the former wife remarried, either party died, both parties agreed in writing, or if changed by court order. The settlement agreement also required the former husband to pay $1,500 per child per month in child support until each child reached majority, became self-supporting, married or died. The child support was to become alimony as each child turned 18.
At the time the former husband signed the property settlement agreement, he was employed as a podiatrist with the Orlando Foot and Ankle Clinic making approximately $14,000 gross per month. In the Spring of 1993, the clinic notified the former husband that his status would change from contractor to employee. His monthly take-home income was reduced to between $9,000 and $10,000. Even with a reduction in income, the former husband was able to maintain child support and alimony payments. Unfortunately, the former husband realized his income would continue to decline because of a business reorganization. In February 1994, he was notified that a substantial source of his income from surgical procedures was being reduced from 70% to 35%. Because of his contractual non-compete agreement, the former husband was not able to supplement his income by working as a podiatrist in the Central Florida area. As his ability to earn decreased, the former husband began to seek other sources of income.
In 1994, the former husband learned of an opportunity to purchase an on-going medical practice in Pennsylvania. Before he purchased the business, the former husband took and passed the Pennsylvania medical exam in June of 1994. The former husband hired Medical Mavin, a professional firm that evaluated the practice, and a CPA to review the financial statements and affidavits of the business. The records appeared to be in perfect order. The former husband also had the materials reviewed by the Money Store, from whom he was seeking a loan, and the Small Business Administration. No one questioned the income or records of the practice. After completing his investigation, the former husband purchased the practice.
Immediately after the former husband closed on the practice, he noticed fiscal irregularities in the business. There were improper Medicare charges and billings for services not rendered. There were myriad other problems that substantially reduced the former husband's income. In fact, after the former husband took over the practice in 1995, he had no income.
The former wife was kept abreast of these developments and told the former husband that she would waive alimony and child support for April 1995. She also offered to work in his Pennsylvania office to help him until he could get on his feet. The former husband's business deteriorated to the extent that he *1293 was not able to maintain his three business locations. He was forced to close one location because he could not pay utilities. The former husband's November 1995 financial affidavit, which was introduced during the hearing, showed monthly income of $3,000, monthly expenses of $33,860, and assets totalling $168,200. The former husband eventually filed bankruptcy in Pennsylvania and sued the doctor who sold him the practice.
The former wife filed a motion for contempt which alleged that the former husband failed and refused to make child support and alimony payments for April and May 1995. It further alleged that the former husband had the ability to meet these obligations. The former husband petitioned the court to modify the final judgment of dissolution because of his change in circumstances. After the hearing, the trial court found a substantial change in circumstances, but found the change to be voluntary. The trial court denied the former husband's motion for modification, found the former husband in contempt, and adjudicated the arrearages to be $39,300.
The Florida Supreme Court has established fundamental prerequisites for modification of alimony and child support:
First, there must be a substantial change in circumstances. Second, the change was not contemplated at the time of final judgment of dissolution. Third, the change is sufficient, material, involuntary, and permanent in nature.
Pimm v. Pimm, 601 So.2d 534, 536 (Fla. 1992) (citations omitted). The former husband has met this burden and therefore his obligation to pay child support and alimony should be modified.
There is no dispute that the former husband experienced a substantial and material reduction in income in 1995 not contemplated when the parties divorced in 1992. The former husband did not quit his practice in Florida to voluntarily reduce his income, but rather because of business necessity. He purchased a business in Pennsylvania to maintain or exceed the income he was earning at the time of the dissolution in Florida.
We disagree with the finding of the trial court that "the change of circumstances is a result of a voluntary change by the former husband." The uncontradicted testimony of the former husband and the former wife is that the assets of the Pennsylvania business had been grossly overstated. The former husband acted in good faith to obtain employment and income that would allow him to meet his financial obligations. The former husband knew his income at the Orlando Foot and Ankle Clinic was decreasing. He developed a business opportunity in Pennsylvania that he thought would generate the same or additional income.
As the trial court found, the former husband was beset by bad luck. However, the former husband should not be punished because of economic downturns which were not deliberate on his part and which were not done to avoid paying alimony and child support. We recognize that a former husband has a legal and moral obligation to support his former wife and children. We also recognize that he can leave the area to work to continue that support. The fact that he moves does not of itself impute an intent not to pay his obligations. See Fort v. Fort, 90 So.2d 313 (Fla.1956). In Fort, the Florida Supreme Court held that a medical doctor who relocates a medical practice in good faith is not barred from seeking a reduction of his obligation pursuant to a property settlement agreement when his earning capacity decreases. Fort went on to hold that the former husband would not be required to liquidate capital assets to pay obligations. Id. at 315. In the instant case, the overwhelming evidence is that the former husband has suffered a substantial change in circumstances that is involuntary.
We therefore quash the decision of the trial court denying modification and remand for reduction of alimony and child support commensurate with the former husband's current earnings. See Kinne v. Kinne, 599 So.2d 191 (Fla. 2d DCA 1992). The trial court should consider retroactive modification of alimony and child support at least from the date of the filing of the petition for modification. See Alexander v. Alexander, 683 So.2d 172 (Fla. 1st DCA 1996); State, *1294 Dept. of Health and Rehabilitative Services v. Chapman, 638 So.2d 1018 (Fla. 2d DCA 1994); Morgan v. Morgan, 590 So.2d 562 (Fla. 5th DCA 1991). In addition, we quash the portion of the order setting arrearages and remand for proceedings consistent with this opinion.
Decision QUASHED, REMANDED with instructions.
COBB and HARRIS, JJ., concur.