Osterhaus, J.
Andrew R. Moody appeals an order requiring him to pay the full amount of a child support arrearage to his former wife Natalia Y. Moody. Mr. Moody asserts that the final order should be reversed because one of the three children for whom the court ordered the payment of support actually lived with him, which should have reduced the amount he was ordered to pay. We agree and reverse.
I.
This case arises from a 2010 dissolution of marriage action. The parties entered into a marital settlement agreement and parenting plan approved by the court in which their three children would spend most of their time with Ms. Moody. An agreement between the parties called for Mr. Moody to pay $820 per month in child support to Ms. Moody, and included a step-down amount as each child became emancipated; with two minor children, for example, the amount would be reduced to $673 per month.
In 2016, Ms. Moody filed a motion for enforcement/contempt of the child support order. She alleged that beginning in June 2015, Mr. Moody unilaterally reduced his payments of child support. Mr. Moody quickly responded by filing his own "motion" asserting that he was entitled to pay *772 a lesser amount because the oldest child began to live with him in June 2015. He also asserted that the parties agreed to the reduction of the child support amount.
A magistrate held a hearing on the motion. The undisputed testimony at the hearing was that the parties had three children, the oldest of whom moved in with Mr. Moody in June 2015 until reaching the age of majority in August 2016. Corresponding to the child's moving in with him, Mr. Moody reduced the amount of his child support payments from the court-ordered $820 per month to lesser amounts.
The magistrate ultimately filed a report recommending that Ms. Moody's motion be granted. She found that Mr. Moody had unilaterally stopped paying the full amount of child support without authorization or agreement. Mr. Moody was ordered to pay the full $820 monthly child support amount from June 2015 forward, without regard for the fact that the oldest daughter lived with him full-time (and then turned eighteen) during this period. The magistrate's report stated that Mr. Moody would have to file a petition for modification if he sought to pay less child support.
Mr. Moody filed exceptions to the magistrate's report, asserting among other things that it was error to order him to pay the full child support amount when the eldest child lived with him "100% of the time" from June 2015 forward. After the circuit court held a hearing on the exceptions, it summarily rejected them. And Mr. Moody appealed.
Simultaneous with his appeal, Mr. Moody filed a "Supplemental Petition" for retroactive modification of child support as advised by the magistrate's report. This petition also sought a retroactive adjustment of his child support obligation corresponding to the oldest child living with him, along the lines of his defense to the earlier motion. The trial court denied the petition, however, finding that § 61.30(11)(c), Florida Statutes (2016), only permitted Mr. Moody to recover overpayments post-dating his petition. Mr. Moody appealed this order by motion, which is also part of this review. See Fla. R. App. P. 9.600(c)(3).
II.
We review the trial court's adoption of a magistrate's report for abuse of discretion. Fahey v. Fahey , 213 So.3d 999, 1001 (Fla. 1st DCA 2016) (citing Brown v. Brown , 149 So.3d 108, 110 (Fla. 1st DCA 2014) ).
Mr. Moody's appeal continues his defense against having to pay the full amount of court-ordered child support because one of his three children, who used to live with the former wife, began living with him full-time in June 2015. The right to past-due child support payments is ordinarily considered a vested property right for the benefit of the child. Alexander v. Alexander , 683 So.2d 172, 173 (Fla. 1st DCA 1996). One must continue paying the court-ordered amount of support until and unless a motion for modification has been filed and granted. Id. A trial court can decline to enforce a past-due child support obligation, however, where the obligor proves an equitable defense, including where "the former custodial parent no longer supports the child." State ex rel. Pittman v. Stanjeski , 562 So.2d 673, 678 (Fla. 1990) ; see also Alexander , 683 So.2d at 173 (recognizing that a trial court "may decline to enforce a past-due obligation if a party obligated to pay child support establishes the existence of extraordinary or compelling circumstances such as waiver, laches, [or] estoppel"); cf. State, Dep't of Revenue ex rel. Dees v. Petro , 765 So.2d 792 (Fla. 1st DCA 2000) (recognizing that a party may be equitably estopped from *773 recovering child-support arrearages if a party misrepresents a material fact upon which the party asserting estoppel relied).
In this case, the problem we see with the decision below is that the magistrate failed to substantively evaluate the legitimate defense raised by Mr. Moody's response to Ms. Moody's child support enforcement/contempt motion. Mr. Moody's response to his former wife's motion, which he mislabeled as a "motion," asserted that he assumed custody of his eldest daughter in June 2015, pursuant to an agreement between the parties. In other words, for the entire period for which Ms. Moody was seeking recovery of the full child support amount, she wasn't actually providing support for one of the three children. Mr. Moody's defense was a valid one, recognized by Pittman , that he assumed day-to-day custody of the eldest daughter and needn't pay child support on her behalf. But the trial court rejected his defense on formalistic grounds as an "improper pleading," which required the filing of a petition.
We conclude that because Mr. Moody's pro se "motion" stated a valid defense to the child support enforcement motion, it should have been evaluated on its merits, instead of disregarded on the basis of its title. See, e.g. , Fire & Cas. Ins. Co. of Conn. v. Sealey , 810 So.2d 988, 992 (Fla. 1st DCA 2002) ("We agree that the true nature of a motion must be determined by its content and not by the label the moving party has used to describe it."); Suarez v. Orta , 176 So.3d 327, 328 (Fla. 3d DCA 2015) (recognizing that mislabeled pro se pleadings should be defined by their function and considered for their substance). Under these circumstances, Mr. Moody needn't have filed a petition for modification in order to have his equitable defenses considered on the merits.
III.
For these reasons, the Order Affirming Magistrate's Report on Motions for Contempt and Pending Pleadings is REVERSED and REMANDED for substantive consideration of Mr. Moody's defenses consistent with this opinion.
Additionally, the December 5, 2017, order denying Mr. Moody's supplemental petition-in which he requested modification of the child support amount retroactively in accordance with paragraph 12 of the Magistrate's December 20, 2016 report-is VACATED .
Lewis and Bilbrey, JJ., concur.