**FRANK BENNETT v. LAURA LUCILE RYALS BENNETT, Insane and Single, et al.**

26 So. (2nd) 650                June Term, 1946
June 21, 1946                Division A

B. L. Cooper and Rufus T. D. Cooper, for appellant.

Forrest O. Hobbs, for appellee.

TERRELL, J.:

In April, 1924, Alonzo Bennett and Laura Lucile Ryals were married in Hillsborough County. In August, 1925, they purchased certain lands from James Q. Baker and had the deed executed to Alonzo Bennett and Laura L. Bennett, vesting in them an estate by the entireties. On the same date, Alonzo Bennett and Laura L. Bennett executed a mortgage to James Q. Baker and his wife to secure notes for $2,000 in payment of a balance due on the land. The Bennetts moved on the lands at once, and Laura L. Bennett used $300, which she had saved, to aid in furnishing the house.

In December, 1927, Alonzo Bennett and Laura L. Bennett executed a note to Frank Bennett, son of Alonzo Bennett, for $1,320.84, securing said note with a mortgage on another parcel of land. In November, 1940, seven months prior to his death, Alonzo Bennett executed a purported last will and testament devising his estate to Frank Bennett. In this will, Laura Bennett was recognized as the wife of the testator, but it was never offered for probate.

In February, 1943, Frank Bennett filed his bill of complaint in this cause, praying that the deed executed in August, 1925, be reformed by deleting the name of Laura L. Bennett as one of the grantees on the ground that the inclusion of her name as one of the grantees was a clerical error. The bill also prayed that the description of the lands in said deed be reformed, that the marriage of Alonzo Bennett and Laura Bennett be held to be void, and that a constructive trust be

imposed on the land in favor of complaint, on the theory that he had furnished $3,800 to improve it.

Answer on the part of defendant or her guardian denied every material allegation of the bill of complaint. Laches and the statute of limitations were imposed as a defense to that part of the bill of complaint seeking to reform the deed and to impose a trust on the lands in favor of Frank Bennett. On final hearing, the Chancellor found for the defendant and dismissed the bill of complaint with prejudice. This appeal is from the final decree.

At the time of their marriage, Alonzo and Laura L. Bennett had jousted the calendar past the meridian of life. Both had been previously married and raised families. They were in search of companionship unmitigated by the fandango. It is revealed that Laura L. Bennett had a dash of insanity sometime before her marriage to Alonzo Bennett, and at the time this suit was brought she was confined in the State Hospital at Chattahoochee because of insanity; however, at the time of the marriage and at other times she is shown to have been sane. There is no showing of a domestic rift or of any attempt to sever the marital tie. This suit was brought long after the death of Alonzo Bennett by his son against the surviving spouse. Even if he was in a position to challenge the validity of the marriage or the accuracy of the deed, it would require a much stronger showing than if raised by one of the spouses.

The bill of complaint charges that Laura L. Bennett was not competent to contract the marital relation because of her mental condition, that Alonzo Bennett did not intend to take a deed from the Bakers made to himself and wife and thereby create an estate by the entireties, that the scrivener was alone responsible for this error, and that Frank Bennett had furnished funds to pay for and improve the lands. The Chancellor found that the evidence in support of these allegations and the errors predicated on them was insufficient, and we find no reason to overrule him on these points.

The other material points raised had reference to the proceeding to release the dower interest of Laura L. Bennett, Whether or not a marriage can be vitiated in a proceeding to

correct an alleged error in or to reform a deed, and whether or not there is any showing to warrant an accounting.

In our view, the proceeding to release the dower of Laura L. Bennett was without any legal effect whatever. Dower is a creature of the statute, and the right to collect it accrues on the death of the husband if the marriage is valid. Even if the validity of the marriage could be attacked in a proceeding to reform the deed, there was no showing in this case to warrant reformation; neither do we find error in the refusal of the trial court to grant an accounting.

It is our view that the final decree finding the lands in question to be the property of Laura L. Bennett, ordering the guardian to take possession of them, and directing the plaintiff to deliver to the guardian all the household goods, farming implements, and other accessories, was correct and is therefore affirmed.

Affirmed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.