## FRANKLIN R. BOWLER v. SALLY ZOOK BOWLER

31 So. (2nd) 751                     June Term, 1947
August 1, 1947                       Special Division A
Rehearing denied September 16, 1947

*Wideman, Wardlaw & Stewart,* for appellant.

*Gedney, Johnston & Lilienthal* and *Harry A. Johnston,* for appellee.

PARKS, Associate Justice:

The parties married in January, 1940, and separated shortly before the bringing of this suit by the wife, in March, 1946. One child, Sallie Rockefeller Bowler, five years of age, was born of the marriage. The record of the trial consists of more than 1,100 pages, and we can see no useful purpose to be served in attempting to write in detail the marital troubles of the parties reflected in the record. Suffice to say that upon a careful examination of the record we find no error in the decree requiring the setting aside in toto of the decree of the lower court. In that decree divorce was granted to the wife, alimony and support money for the child and attorneys fees for the wife were decreed. Costs were taxed against the defendant. The defendant appealed, challenging the decree in toto and specifically that part of it reading:

"There are no special equities which entitle the wife to a decree awarding her a specific interest in the property of the husband. Yet, it does not appear that his misconduct should deprive her of valuable dower rights. Accordingly, the Court deems it equitable that she should be made the

beneficiary of the life insurance policy, but not permit either party to utilize any cash surrender or loan value of the policy. It seems appropriate that she should be made beneficiary, and, on maturity of the policy, monthly payments be made to her as long as she might live—which she would use for her benefit and the benefit of the child as their needs may require—with the further provision that if the wife should predecease the husband or die before the minimum number of payments were made, then the policy proceeds should become a part of the estate of the husband, or if he preferred, go direct to the child."

The special equities referred to are apparently of the character of those referred to by this court in Collins v. Collins, 153 Fla. 10, 13 So. (2) 445; Markland v. Markland, 155 Fla. 629, 21 So. (2) 145.

Although the case, as determined by the Chancellor, did not authorize a decretal order for any interest in the property of the husband, yet it is attempted to make an allowance for her for the deprivation of dower rights.

Dower rights in this State are controlled by statute and do not become vested until the death of the husband, leaving the wife surviving him. Bennett v. Bennett, 157 Fla. 627, 26 So. (2) 650. It is also settled that dower rights, being inchoate, are also extinguished by divorce decreed at the instance of either party. North v. Ringling, 149 Fla. 739, 7 So. (2) 476. Such being the law, allowance for dower rights is not authorized. No other harmful errors appear.

We think that counsel for the wife are entitled to an additional fee of $500.00 for their services in her behalf before the court.

Affirmed as modified.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.