CARROLL, DONALD, Judge.
This is an interlocutory appeal from an order of the Circuit Court for Duval County granting the appellee-defendant’s motion to dismiss and motion to strike certain portions of the fourth amended petition filed by the appellant-plaintiff for a modification of a final decree of divorce. About two and a half years before the petition was filed, the plaintiff filed a suit for divorce from his wife, the defendant, who as cross-plaintiff filed a counterclaim for divorce, and, after hearing, the court entered a final decree granting a divorce a vinculo matrimonii to the defendant wife. In the final decree the court also approved and affirmed a stipulation filed by the parties, the construction of which is the crux of the present interlocutory appeal.
This stipulation, so approved and affirmed in the final decree, provided: the husband shall deliver to the wife possession of their home and deliver to her a warranty deed, conveying to her fee simple title, subject to an existing mortgage with an un *479 paid balance of $12,000; all household furnishings and equipment and other tangible personal property located in the house and garage shall constitute the sole property of the wife; the husband shall execute to the wife a bill of sale to his automobile; the husband shall pay all bills heretofore incurred by the wife up to the amount of $150.00; the husband shall pay all monthly installments on the mortgage held on their home; the husband shall transfer and deliver to the wife a ten thousand dollar life insurance policy on his life, free of loans and encumbrances, in which the wife shall be named as beneficiary. Paragraphs 7, 9, 10, 13 and 14 of the stipulation, approved in the final decree, provided:
“7. The Husband shall pay to the Wife as alimony and support money the sum of Two Hundred Dollars ($200.00) per month, commencing on December 15, 1952, and continuing on the fifteenth day of each and every month thereafter until the death or remarriage of the Wife or the death of the husband.
‡ 4c ‡ ají s{i
“9. In recognition of the fact that the alimony hereinabove agreed to be paid to the Wife in the amount of Two Hundred Dollars ($200.00) per month is the minimum amount required for the actual support and maintenance of the Wife, without taking into consideration any income tax liability that the Wife may incur by reason of the Husband’s obligation to make the payments specified in this agreement, the Husband shall make additional payments to the Wife in amounts equal in the aggregate to the Federal income taxes for which the Wife may be liable by reason of any payments made by the Husband under this agreement, said additional payments to be made at the times and in the manner following, viz.:
“On the 15th day of March 1953 the Husband shall pay to the Wife an additional amount equal to the Federal income taxes payable by the Wife with respect to payments made by the Husband hereunder in the months of December 1952, January, February, and March 1953; and on the fifteenth days of each June, September, December and March thereafter, during the continuance of the Husband’s obligation to make any payments under this agreement, he shall similarly pay to the Wife an additional amount equal to the income taxes payable by the Wife with respect to payments made by the Husband hereunder during the last preceding quarter of the calendar year. Any income tax liability incurred by the Wife by reason of the additional payments provided for in this paragraph shall be the sole and exclusive obligation of the wife.
“10. The payments hereinabove provided to be made by the Husband to or for the benefit of the Wife until the death or remarriage of the Wife or the death of the Husband are predicated upon an assumed income or earnings of the Husband of at least Seventy-five Hundred Dollars ($7500) per year, and the Husband represents that his income currently exceeds said amount per year.
“13. Each of the parties hereto grants, releases and quitclaims unto the other party, his or her heirs, personal representatives and assigns, all right, title or interest, at law or in equity, which he or she has or may have in and to the property and estate, real and personal, of the other party, whether now existing or hereafter arising, either during his or her lifetime, or after, or by reason of his or her death, except as herein specified.
“14. Each of the parties hereto will, upon being requested by the other party, execute such other and further instruments as each may reasonably require in order to carry this agreement *480 into effect, including releases of dower or other interests in real or personal property now owned or hereafter acquired by the other party, and powers of attorney by the Wife as required by the U. S. Treasury Department, with respect to Federal income tax matters of the Husband for the years 1950 and 1951, and the filing of a joint income tax return for the year 1952.”
In the appellant’s fourth amended petition to modify this final decree of divorce, she alleged that the sum of Two Hundred Dollars ($200.00) per month provided for in Paragraph 9 of the stipulation, although not sufficient at the time of the stipulation, was agreed to by her because she was still in love with her husband and always labored under the impression that if she took the minimum amount for support it would make her husband react favorably, and possibly the parties would resume cohabitation thereafter and live a normal and happy married life, which impression and hope were still in existence at the time the final decree was entered; that the husband recognized that the amount set forth in the stipulation was a minimum amount for support because in Paragraph 9 of the stipulation he stated it was in recognition of the fact that the amount therein agreed to be paid was a minimum amount required for the actual support and maintenance of the wife; that the said minimum amount as shown in Paragraph 10 was predicated upon an assumed income or earning of the husband of at least $7,500.00 per year; that at the time of the final decree she was in good health but that the said amount was not now sufficient because “the purchasing power of the dollar since 1955 has diminished and the further fact that the Court will take judicial knowledge that the cost of living has increased since 1955, coupled with the further fact that the Petitioner’s present physical ability has been impaired by poor and ailing health and she is now more than three years older than when said stipulation was entered into;” that because the said sum set forth in the final decree was not sufficient properly to support her, she had been forced to live with friends and was unable to secure proper medical and dental care that was vitally necessary to her; that her husband’s financial condition had greatly increased since the day of the final decree and his annual income and capital assets were many times more than the amount he was earning and owned at the time of the final decree, and that he was well able to pay any increase ordered by the court; that the husband’s income was now approximately $25,000.00 per year and in addition he owned several businesses, automobiles, equipment, and other real and personal property, and had capital assets of the value of $250,000.00. She then prayed in her petition that the final decree be amended to increase the amount of alimony required to be paid by the husband to her “with due regard to the changed circumstances and the financial ability of the husband, and as justice and equity shall require.”
To this petition for modification the plaintiff-appellee filed a motion to dismiss on several grounds, including one that the petition failed to state a cause upon which relief could be granted, and another that the allegations of the petition were not sufficient to show such a change as was contemplated by Section 65.15, Florida Statutes, F.S.A. He also filed a motion to strike certain portions of the petition. Upon hearing, the Circuit Court granted the motion to dismiss and the motion to strike, and, the appellant having announced that she did not desire leave further to amend her Fourth Amended Petition, dismissed the petition without leave to amend.
Section 65.15, Florida Statutes, F.S.A. relating to the modification of alimony decrees and agreements, provides:
“Modification, alimony decrees, agreements, etc. — Whenever any husband and wife heretofore, or hereafter, shall have entered into any agreement providing for the payments for, or in lieu of, separate support, maintenance or alimony, whether in *481 connection with any action for divorce or separate maintenance, or with any voluntary property settlement, or whenever any husband has pursuant to the decree of any court of competent jurisdiction been required to make to his wife any such payments, and the circumstances of the parties or the financial ability of the husband shall have been changed since the execution of such agreement, or the rendition of such decree, either party may apply to the circuit court of the circuit in which the parties, or either of them, shall have resided at the date of the execution of such agreement, or shall reside at the date of such application, or in which such agreement shall have been executed, or in which such decree shall have been rendered, for an order and judgment decreasing or increasing the amount of such separate support, maintenance or alimony, and the court, after giving both parties an opportunity to be heard, and to introduce evidence relevant to the issue, shall make such order and judgment as justice and equity shall require, with due regard to the changed circumstances and the financial ability of the husband, decreasing or increasing or confirming the amount of separate support, maintenance or alimony provided for in such agreement, or in such decree.
“Thereafter the husband shall pay and be liable to pay the amount of separate support, maintenance or alimony directed in such order and judgment, and no other or further amount, and such agreement, or such decree, for the purpose of all actions or proceedings of every nature and wherever instituted, whether within or without this state, shall be deemed to be, and shall he, modified accordingly, and it shall be unlawful to commence, or cause to be commenced as party, or attorney, or agent, or otherwise, in behalf of either party in any court any action or proceeding otherwise than as herein provided, nor shall any court have jurisdiction to entertain any action or proceeding otherwise than as herein provided to enforce the recovery of separate support, maintenance or alimony otherwise than pursuant to such order and judgment.
“This section is declaratory of existing public policy and laws of this state, which is hereby affirmed and confirmed in conformance with the provisions hereof, and it shall be the duty of the judges of the circuit courts of this state to construe liberally the provisions hereof in order to effect the objects and purposes hereof and the public policy of the state as hereby declared.”
The question before us on this case is whether the appellant’s petition was properly filed under and pursuant to the quoted section.
The courts of Florida have had numerous occasions to construe this statute. The appellant in her brief filed in this court relies particularly upon the case of Fort v. Fort, Fla., 90 So.2d 313, 315. In that case the Florida Supreme Court noted that it was settled law in Florida that a separation agreement, incorporated in a divorce decree, is subject to modification under Section 65.15, Florida Statutes, F. S.A., in the proper circumstances, and the rights of the parties under the separation agreement and decree should depend upon the underlying purpose of the agreement and the facts of each particular case (citing Haynes v. Haynes, Fla., 71 So.2d 491). The court in the Fort case further held:
“We are unable to tell from examining the separation agreement in question whether the parties actually settled legitimate property rights of the wife. The language used by the parties in their agreement is not conclusive of the question of whether the monthly payments are, in fact, ‘pure’ alimony, meaning ‘nourishment’ or *482 'sustenance’, Jacobs v. Jacobs, Fla., 1951, 50 So.2d 169, or the consideration agreed to be paid by the husband for the relinquishment by the wife of valuable property rights. See Underwood v. Underwood, Fla,, 1953, 64 So. 2d 281. The wife did release any claim for dower, but it is doubtful that this could be considered a relinquishment of a property right, where made in a separation agreement entered into in contemplation of divorce. Cf. Bowler v. Bowler, 1947, 159 Fla. 447, 31 So.2d 751.”
The petitioner in the Fort case was a former husband who sought to reduce alimony payments which had been based on the terms of a separation agreement, because of a diminution of his income.
On the other hand, the appellee in his brief relies upon, and quotes extensively from, the case of Haynes v. Haynes, Fla., 71 So.2d 491, 493, in which the Florida Supreme Court held:
“The issue presented, therefore, is whether a change of circumstances, such as an increase in the husband’s income, is sufficient to justify the entry of a modification order granting alimony in the face of a completely executed stipulation and decree, by the terms of which appellee agreed, in consideration of the transfer of stated sums of money and property to her, that she would 'not ask for alimony.’
“With respect to this issue, we are of the opinion that whether under statutory power a court may award alimony, or increase or decrease it, after the entry of a final decree of divorce based in its financial aspects on an agreement between the parties, must depend in each instance ‘upon the underlying purpose of the agreement and the facts of each particular case’. Kooman, Florida Chancery Pleading and Practice, § 241, 1952 Supp. ‘There is a definitely recognized difference between a property settlement in connection with a divorce and an agreement to pay stated sums at certain intervals in lieu of alimony and suit money.’ Norton v. Norton, 131 Fla. 219, 179 So. 414, 418. And, as a general rule in the absence of a specific statutory provision, property settlement agreements are no different from other agreements in their legal aspects, and are therefore binding, when shown to be fair and regular and are certainly conclusive when they have been fully executed. See Miller v. Miller, 149 Fla. 722, 7 So.2d 9.”
Under the established law in this state, therefore, the critical question in the instant appeal is whether the stipulation which was approved in the final decree constituted a property settlement in connection with the divorce or whether it constituted an agreement to pay stated sums at certain intervals in lieu of alimony and suit money. If the stipulation here falls in the latter category, the appellant’s petition was properly filed under Section 65.15, Florida Statutes, F.S.A., and should have been sustained.
Upon an examination of the record on this appeal and particularly the stipulation approved in the final decree of divorce, we have reached the conclusion that basically the stipulation partakes essentially of the nature of the latter category, and hence the petition was properly filed under the statute. This is, we recognize, a close question, but we believe that the purpose of the statute, which is to be liberally construed, would be better served by considering the petition here in such category.
Our conclusion is, therefore, that the Circuit Court erred in dismissing the appellant’s petition. The order appealed from is reversed, and the cause remanded to the Circuit Court for further proceedings consistent with the views herein expressed.
Reversed.
STURGIS, C. J., and WIGGINTON, J.. concur.