WALDEN, Chief Judge.
The plaintiff, Louise C. Fisher, appeals an interlocutory order denying her request for modification of a separation, property settlement and support agreement which had been incorporated in a final decree of divorce from the defendant, William E. Fisher.
The agreement included a provision to the effect that the defendant would make the plaintiff an irrevocable beneficiary of his group health insurance policy and would continue the policy in force. It further provided that, in the event the policy could not be kept in force by reason of the dissolution of the marriage of the parties, the husband would provide insurance with equivalent coverage.
It is to be further noted that the agreement also contained the following paragraph :
“16. The Wife accepts the benefits of this Agreement in lieu of support money, maintenance, alimony, suit money and attorneys fees and any and all other rights of any nature whatsoever excepting her rights under this Agreement.”
At the pre-trial conference, the parties stipulated that, by its terms, the insurance policy provided by defendant’s employer could not be converted to enable the divorced wife to remain as a beneficiary, and that due to plaintiff’s physical condition (she has been partially disabled since 1957 due to cerebral paralysis) defendant had been unable to provide similar insurance.
Plaintiff filed a petition for modification of the final decree requesting that defendant be held responsible for her medical and surgical expenses.
The trial court held that plaintiff’s petition was not cognizable under F.S.A. § 65.-15; that the plaintiff’s petition, although not specifically praying for specific performance, was, in fact, a petition for specific performance; and that, since defendant could not purchase a similar policy as provided in the agreement, specific performance would not be decreed due to impossibility of performance. Plaintiff’s petition for modification was denied. We reverse.
F.S.A. § 65.15 reads, in pertinent part:
“Whenever any husband and wife * * * shall have entered into any agreement providing for the payments for, or in lieu of, separate support, maintenance or alimony * * * and the circumstances of the parties * * * *870 shall have been changed * * * either party may apply * * * for an order and judgment decreasing or increasing the amount * * * and the court * * * shall make such order and judgment as justice and equity shall require, ^
* * * [I]t shall be the duty of the judges of the circuit courts of this state to construe liberally the provisions hereof in order to effect the objects and purposes hereof * *
The two prime requisites to relief under F.S.A. § 65.15, then, are an agreement for, or in lieu of, separate support, maintenance or alimony, and a change in circumstances. The trial court, in its order denying the petition for modification, did not specify which requisite it felt was lacking. We will not speculate as to the trial court’s reasons; suffice to say we feel the petition for modification was cognizable under F.S.A. § 65.-15, and should have been considered on its merits.
The agreement to provide health insurance, terminable upon the wife’s death or remarriage, was simply a recognition of the husband’s duty, under the heading of support or maintenance, to supply the wife with proper medical care. By no means was this a property settlement.
There was also a change of circumstances. At the time of the agreement it was understood by both parties, in good faith, that the husband would be able to supply the agreed-upon insurance. When the petition for modification was filed it was apparent that the original agreement had become, unworkable.
Just as the amount of alimony may become too little or too great with the passage of time and the attendant change in circumstances, so may the manner of satisfaction of payments in lieu of alimony, support and maintenance, with time, become inappropriate.
Ever mindful of the final paragraph of F.S.A. § 65.15, quoted above, we reverse with instructions to the trial court, on remand, to consider the petition for modification on its merits.
Reversed.
ANDREWS, J., and LILES, WOODIE A., Associate Judge, concur.