305 So.2d 30 (1974)
John P. WADDELL, Appellant,
v.
Mary Lou WADDELL, Appellee.
No. 74-817.
District Court of Appeal of Florida, Third District.
December 3, 1974.
Rehearing Denied January 14, 1975.
*31 Marvin Kurzban, Miami, for appellant.
Cushman & Cushman, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
This interlocutory appeal is brought by a former husband, who was the petitioner, seeking relief pursuant to Fla. Stat. § 61.14. He appeals an order striking portions of his petition in which he sought modification of the provisions of an agreement attached to, and made a part of, a final judgment dissolving his marriage. The provisions the appellant sought to modify are included in the following quoted paragraph:
"4) That the Husband agrees to convey to the Wife all of his interest in the home of the parties located at 5647 S.W. 86th Street in Dade County, Florida, together with all the household furniture, furnishings, fixtures, appliances, and equipment of every kind therein and pay all sums due or to become due upon the mortgage encumbering same and the taxes and insurance thereon."
An element central to this case is the significance of the wife's continued residence in, and ownership of, the house and the effect of the above paragraph's latter provisions upon the sale to a third person or the remarriage of the wife.
The trial judge found this paragraph to be an expression of a property settlement agreement and therefore not subject to modification. The question is whether, following a provision for the transfer of the marital residence to the wife, a further provision that the husband shall "pay all sums due or to become due upon the mortgage ... and the taxes and insurance thereon" is a benefit that attaches to the property rather than one that creates a support provision for the benefit of the wife and children. As held by the trial judge, the benefit is attached to the property and is not subject to modification regardless of the use or future ownership of the real property.
In dealing with this case, we are fully aware of the binding nature of the above paragraph. Unquestionably, the husband's obligation as to the mortgage, tax and insurance payments is not conditioned in any way. But we believe it is incumbent upon us to look beyond simply this one paragraph and to pursue the nature of the entire agreement and to determine whether, in such context, the twenty crucial words following the conveying of the marital residence to the wife constitute a *32 non-modifiable property settlement obligation upon the appellant husband or rather a modifiable support provision. See Rieder v. Rieder, Fla.App. 1963, 157 So.2d 93. What concerns us is the "substance" of the agreement, more than its "form." See Underwood v. Underwood, Fla. 1953, 64 So.2d 281. We do not question at all the appellant's continuing obligation to pay for the mortgage, tax and insurance on the house, and we do not take any position as to when such payments should cease, if at all. What we do here is simply to determine whether the obligation, which is plainly existing by virtue of the clear wording of the agreement, is one that the appellant may seek to modify, that is, one not in the nature of a property settlement provision. 24 Am.Jur.2d "Divorce" § 909. Although we do not hesitate in finding the conveyance of the house to the wife to be in the nature of a property settlement provision, we note that the agreement contains in other paragraphs provisions for alimony and child support, both of which are modifiable entities. It is in this light, looking to the agreement as a whole, that we examine the nature of the appellant's obligation to pay for the mortgage, tax and insurance.
We have considered the record, the briefs and the arguments of counsel and have concluded that the lower court's interpretation is contrary to the ordinary purposes of an agreement to settle support, alimony and property rights. It is not uncommon for such agreements to provide for the wife and children to have the use of the family home where an additional allowance is made for taxes, insurance and mortgage payments. Hunter v. Hunter, Fla.App. 1959, 108 So.2d 478. Where such an allowance is made, it should be considered in the nature of support and not as a fixed right attached to the property. Cf. Fisher v. Fisher, Fla.App. 1967, 202 So.2d 868.
We by no means wish to comment upon the merits of this petition. It may be that the evidence will support either a greater or a lesser need for support but in view of the allegations of the petition that the residence is to be sold it follows that, unless a change in circumstances is found, the court should provide for similar payments directly to the respondent.
The order granting the motion to strike portions of the petition is reversed with directions to proceed with the petition in accordance with the views herein expressed.
Reversed.
BARKDULL, C.J., dissents.