PER CURIAM.
This is an appeal to review an award of alimony by the trial court two years after the divorce where the divorce decree made no specific provision for alimony.
After twenty years of marriage the appellant, William A. Pacetti, a medical doctor, obtained a divorce from his wife, Rosa Pacetti, a default having been previously entered against her. She was not represented by counsel nor did she appear at the final hearing which was held while she was out of town. The court awarded custody of the four minor children to Rosa Pacetti.
The trial court in its final judgment directed William A. Pacetti to make all mortgage and utility payments on the home of the parties and further directed the appellant to make child support payments in the sum of $100.00 per week. No appeal was taken from the Final Judgment.
The record on appeal disclosed that in April of 1972 the appellant took out a second mortgage on the marital home and kept the proceeds. However, Rosa Pacet-ti’s equitable share of the proceeds subsequently was reimbursed to her.
In September 1972, the marital home was sold and Rosa Pacetti moved into a mobile home purchased for her by William A. Pacetti out of her portion of the equity in the marital home.
In October 1972, Rosa Pacetti filed a petition for modification of the Final Judgment of divorce claiming that the husband was in arrears in child support and sought other relief as the court felt proper. The petition was referred to a General Master who concluded and recommended to the court, in his report, that there was no ar-rearage of child support; that William A. *671 Pacetti reimbursed Rosa Pacetti the sum of $3,981.19 representing the balance of one-half of the proceeds derived from the second mortgage, and required the appellant to pay the sum of $50.00 per week for child support. The Master’s report further recommended to the court that even though the said final judgment did not provide for alimony to the petitioner, that it consider the mortgage and utility payments on said marital home to be alimony for the petitioner. That said payments have been treated by the parties as alimony by common consent, and the wife should continue to receive and the appellant should be required to pay the wife the sum of $145.00 per month as alimony together with utility payments on the mobile home where the wife and children are to reside. The Master’s recommendations were adopted by the trial court.
The appellant contends that the provisions of the final judgment in the 1970 divorce was a property settlement, not an alimony award, and a judge two years after the divorce decree cannot award alimony where the original divorce decree made no provision for alimony.
The appellee contends that the 1970 decree requiring the husband to make the mortgage payments was in the nature of alimony and not property settlement, and it was proper for the trial court to convert the monthly mortgage payments into a monthly cash alimony payment.
We have considered the record, the briefs, and the arguments of counsel and have concluded the lower court was correct in interpreting that the payments required to be made under the final decree of divorce were in the nature of alimony and not as a fixed right attached to property, and that there was a change of circumstances which permitted the court to modify the original decree. It is obvious that the appellant himself has treated the mortgage payments as alimony as he reported same in his annual income tax return as alimony. See Waddell v. Waddell, Fla.App.1974, 305 So.2d 30; Fisher v. Fisher, Fla.App.1967, 202 So.2d 868.
The order affirming Master’s report granting alimony is affirmed.