SCHEB, Acting Chief Judge.
Appellant Margaret Chovnick challenges the trial court’s order dismissing with prejudice her petition for modification of a final judgment of dissolution of marriage.
On October 12, 1973, the circuit court entered a final judgment dissolving the marriage between appellant and her former husband, appellee Stanley Chovnick. The judgment granted appellant alimony and child support in accordance with a settle *356 ment agreement entered into by the parties.
On June 14, 1978, appellant filed her amended petition for modification alleging that she was in need of further financial assistance from appellee due to a change in circumstances since the judgment of dissolution was entered. She attached certain financial and medical data in support of her contentions. Appellee moved to dismiss the petition for failure to state a cause of action. The trial court granted appellee’s motion, and dismissed appellant’s petition with prejudice when she refused to amend further.
Section 61.14(1), Fla.Stat. (1977) provides:
When the parties have entered into, or hereafter enter into, an agreement for. payments for, or instead of, support, maintenance, or alimony, whether in connection with a proceeding for dissolution or separate maintenance or with any voluntary property settlement, or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party has changed, or when the child or children who are the beneficiaries of an agreement or court order as described herein have reached the age of 18 years since the execution of such agreement or the rendition of the order, either party may apply to the circuit court of the circuit in which the parties, or either of them, resided at the date of the execution of the agreement or reside at the date of the application, or in which the agreement was executed or in which the order was rendered, for a judgment decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child or children, decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order.
This statute does not contemplate technical pleadings; rather, it provides a method whereby a former spouse can obtain a hearing and judicial determination as to entitlement to relief. It looks toward the petitioner making an evidentiary showing that the circumstances of the parties have substantially changed. Cordrey v. Cordrey, 206 So.2d 234 (Fla. 2d DCA 1968). Here the trial court wrongfully dismissed appellant’s petition without affording her an opportunity to present any evidence on this issue.
We do not, of course, make any comment on the merits of appellant’s petition. This is a matter for the trial judge to determine upon proper notice and hearing. See Teta v. Teta, 297 So.2d 642, 646 (Fla. 1st DCA 1974).
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
OTT and DANAHY, JJ., concur.