PER CURIAM.
The former wife, Judith Lundell, appeals the trial court order upholding the former husband’s exceptions to the general master’s report in her modification proceeding. The master had determined a health insurance provision in the parties’ property settlement agreement, incorporated into the final judgment of dissolution, to be in the nature of a support obligation, and recommended the court order Appellee to provide Appellant with medical and dental insurance, or reimburse her for the cost of obtaining it herself. The court instead found the insurance provision to be in the nature of a property settlement, not subject to modification. We reverse.
*1014 Depending upon the particular facts and circumstances, a provision requiring one former spouse to provide health insurance to the other may be in the nature of an unmodifiable property settlement, e.g., Wilson v. Wilson, 485 So.2d 20 (Fla. 2d DCA 1986); In re Markizer, 66 B.R. 1014 (Bkrtcy. S.D.Fla.1986), or it may be in the nature of a modifiable support obligation. E.g., Putnam v. Putnam, 226 So.2d 30 (Fla. 4th DCA), cert. denied, 234 So.2d 118 (Fla.1969); Fisher v. Fisher, 202 So.2d 868 (Fla. 4th DCA 1967). While the facts of the instant case are not clearly one-sided, there was substantial competent evidence in the record to support the general master’s finding.[1] Consequently, it was error for the trial court to disturb it. Matos v. Matos, 421 So.2d 180 (Fla. 2d DCA 1982).
Although Appellant neither filed exceptions to an earlier report of the general master, recommending denial of her motion for contempt for Appellee’s failure to comply with the insurance provision, nor appealed the trial court’s order approving that report, the law of the case doctrine does not control the result here, as the precise issue — categorizing the provision as being in the nature of either support or property settlement — was not “necessarily” determined in the earlier proceeding. State v. Stabile, 443 So.2d 398 (Fla. 4th DCA 1984).
It does not appear from our record that there has been a determination of need and ability to pay. Therefore, we remand for further proceedings consistent with this opinion.
ANSTEAD, STONE and POLEN, JJ., concur.

. The instant property settlement agreement not only divided the parties' property, but also addressed the former husband’s support obligations to their minor child, the child's custody, and the husband's visitation and included the former wife’s waiver of alimony; furthermore, the agreement provided that Appellee's obligation to maintain health insurance for Appellant would to continue until her death or remarriage.