669 So.2d 309 (1996)
Diane M. WHITCOMB, Appellant,
v.
Wayne A. WHITCOMB, Appellee.
No. 95-00129.
District Court of Appeal of Florida, Second District.
March 8, 1996.
*310 Dyril L. Flanagan, St. Petersburg, for Appellant.
Patrick F. Gaffney of Peacock & Gaffney, P.A., Clearwater, for Appellee.
RYDER, Acting Chief Judge.
The parties in this case were divorced in 1991. The final judgment of dissolution approved and incorporated their marital settlement agreement. In December 1994, the trial court entered an order modifying the final judgment as it pertained to Mr. Whitcomb's child support obligations. Mrs. Whitcomb challenges this order on several grounds. She contends the court erred in eliminating the husband's monthly cash child support payment and, instead, extending her exclusive possession of the former marital home. She also challenges the court's modification of Mr. Whitcomb's obligations concerning the children's medical and dental expenses. In addition, she claims the court erred in calculating the amount of arrearages the husband owed and in failing to award her attorney's fees. We affirm the denial of attorney's fees without discussion. For the reasons explained below, we find merit in some of Mrs. Whitcomb's arguments and reverse the order of modification in part.
The judgment of dissolution compelled Mr. Whitcomb to pay $300.00 per month in child support for each of his two children. In January 1992, he lost his job and moved to modify the final judgment. At this time, his daughters were sixteen and fourteen years old. In December 1994, when the lower court entered the order on modification, his younger daughter was still a minor. The parties stipulated that, under the child support guidelines, the husband was required to pay $206.70 per month to support this child. The marital settlement agreement provided that the former marital home was to be listed for sale on May 1, 1994. The court granted the wife exclusive possession of the home until April 8, 1996, when the younger daughter reaches majority, in lieu of cash child support.
The lower court found that Mr. Whitcomb's involuntary lay-off from his employment and his inability to find comparable work constituted a substantial change in circumstances that permitted modification of the marital settlement agreement. Under section 61.30(13), Florida Statutes (1993), a court may, if a parent's recurring income is not sufficient to meet the needs of the child, order that child support be paid from assets. Here, however, the court made no finding that Mr. Whitcomb's income was insufficient to pay cash support. Nor did the court assign a dollar value to the wife's continued possession of the home. See Dyer v. Dyer, 658 So.2d 148, 150 (Fla. 4th DCA 1995). The court merely stated that its award of exclusive *311 possession effectively eliminated the husband's right to immediately receive his share of the proceeds from a sale of the home.[1] We cannot tell from this record whether the court has departed from the child support guidelines or not. See § 61.30(1)(a), Fla.Stat. (Supp.1994) (if support payment deviates from the guidelines more than 5%, court must explain, in a written order or on the record, why ordering a guideline payment would be unjust or inappropriate). We, therefore, remand to the lower court to make specific findings concerning the husband's ability to pay, the dollar value of the wife's continued possession of the marital home and how it arrived at this value.
The marital settlement agreement obligated the husband to provide medical and dental insurance for the children and to pay fifty percent of the uncovered expenses. He had failed to do so since he lost his job. The court found that the wife had spent $2,266.05 on the children's insurance premiums, "which did not include uncovered medical and dental expenses." She sought reimbursement for this entire amount. The lower court modified the husband's insurance obligation retroactive to the date of the filing of his petition, reduced it to fifty percent of the premium, and ordered him to pay one-half of the amount the wife had expended, $1,133.00. The wife argues that the insurance provision in the marital settlement agreement was a nonmodifiable property settlement. We disagree, and hold that section of the agreement was part of Mr. Whitcomb's child support obligation. See Lundell v. Lundell, 629 So.2d 1013 (Fla. 4th DCA 1993) (provision in marital settlement agreement requiring husband to provide health insurance to wife was modifiable). A court may modify child support, retroactive to the date of the petition. State, Dept. of Health and Rehabilitative Services v. Chapman, 638 So.2d 1018 (Fla. 2d DCA 1994). Thus, we affirm that component of the order.
We do find error in the court's failure to award the wife an amount for uncovered medical and dental payments and its award of child support arrearages. First, as to the medical costs not paid by insurance, we note that the court did not modify the husband's obligation for these expenses. He is still responsible for one-half of the total owed. The wife presented evidence that she had paid approximately $1,340.00, and that the husband had not remitted his share. The order does not specifically award her anything for these payments.
This brings us to the matter of the child support arrearages, which the parties stipulated were $2,010.85. The court awarded the wife $1,803.75 for unpaid support, without explaining how it arrived at this amount. Additionally, the order implied that this amount included one-half of the uncovered medical and dental expenses. The stipulated amount for child support arrearages did not encompass the husband's portion of the uncovered medical costs. Again, the court may have had a good reason for awarding this amount, but we cannot discern it. We therefore remand for the court to make specific findings concerning the amounts owed for uncovered medical and dental expenses, child support arrearages and any set-offs the court finds appropriate.
Affirmed in part, reversed in part and remanded for further proceedings in accordance with this opinion.
LAZZARA and WHATLEY, JJ., concur.
NOTES
[1] We note that the wife is obligated to pay the mortgage and some other expenses connected with the home. It may be that the wife will be entitled to a credit for these payments at the time the house is sold, thus the husband's share may be reduced. See Chaney v. Chaney, 619 So.2d 440 (Fla. 2d DCA 1993).