WARNER, Judge.
The trial court dismissed the former wife’s motion to modify the final dissolution judgment with respect to the provision of medical insurance coverage. While the court’s order does not give a reason for the dismissal, the former husband’s motion to dismiss alleged both that there was a lack of subject matter jurisdiction and no showing of a substantial change in circumstances. We disagree on both points and reverse.
The original final dissolution judgment provided:
5. The Husband agrees to pay as non-modifiable, rehabilitative alimony the amount of $750.00 per month less the cost of the Wife’s insurance premiums for a period of one year, unless the parties die or the Wife remarries.
6. The Husband agrees to thereafter continue paying the cost of the Wife’s insurance policy as long as it can be paid or until either of the parties die, or the Wife remarries.
7. The Wife agrees to waive permanent alimony and the parties agree and it is *473 hereby ordered that the one year rehabilitative payment is non-modifiable.
Subsequently, the former husband cancelled the former wife’s insurance policy and was continually held in contempt by the trial court for failing to provide her with insurance coverage. At one point, the trial court modified the insurance provision by giving the former husband the option of either securing medical insurance coverage for the former wife or paying her medical expenses. However, the former husband repeatedly failed to secure coverage for the former wife’s pre-existing cancer condition or to reimburse her medical expenses without court intervention. Thereafter, the trial court denied the former husband’s motion to modify the insurance provision, because it did not find a substantial change in circumstances. The former wife eventually obtained her own insurance coverage and filed her motion to modify. It was not until this point that the former husband claimed that the insurance provision was not a support obligation.
We think that it is clear that the agreement to provide medical insurance was a modifiable support obligation and that the parties treated it as such until the former wife’s motion for modification. The agreement was in the nature of support to the former wife who had cancer at the time of divorce. It was terminable on the former wife’s death or remarriage, a hallmark of a support obligation rather than a property settlement. See Fisher v. Fisher, 202 So.2d 868, 870 (Fla. 4th DCA 1967). In Lundell v. Lundell, 629 So.2d 1013, 1014 (Fla. 4th DCA 1993), we determined that a nearly identical medical insurance provision was a support obligation. That the former wife agreed in another provision to waive any claim for permanent alimony is not controlling, because she did not agree to waive the medical insurance coverage. Thus, construing all parts of the final judgment in their context, the former wife agreed to waive all other alimony except medical insurance, something she very well might do when faced with cancer at the time of her divorce.
Furthermore, the parties treated this as a support obligation. Throughout seven proceedings, the former husband never objected to the remedy of contempt, even though contempt is not available as a remedy for a property settlement agreement dispute. See Crea v. Willick, 473 So.2d 25, 26 (Fla. 2d DCA 1985). Moreover, as noted before, the .trial court itself sua sponte modified the medical insurance provision, which neither party objected to or appealed. We therefore conclude that the provision was a modifiable support obligation and the trial court had jurisdiction to entertain the motion for modification.
We also hold that the allegations of the former wife’s motion for modification were sufficient to warrant an evidentiary hearing on the substantial change in circumstances. Fisher, 202 So.2d at 868; Chovnick v. Chovnick, 369 So.2d 355 (Fla. 2d DCA 1979); § 61.14(1), Fla. Stat. (Supp.1992).
Reversed and remanded for further proceedings.
KLEIN and SHAHOOD, JJ., concur.